UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| CHRIS QUINN, Trustee for the CryptoMetrics, Inc. Creditors' Trust, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No: 5:13-cv-834-RCL |
| SCANTECH IDENTIFICATION BEAMS SYSTEMS, LLC, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION

### I. INTRODUCTION

On March 2, 2017, this Court granted in part and denied in part several of the defendants' motions to dismiss [ECF Nos. 31, 32]. Shortly thereafter, defendants Michael Stolzar and Karlen & Stolzar moved for judgment on the pleadings [ECF No. 36], and plaintiff Chris Quinn, the trustee for debtor company CryptoMetrics,[1] moved for leave to amend the complaint and file a second amended complaint [ECF No. 44]. For the reasons stated below, the Court will deny the trustee's motion for leave to amend, and will grant the Stolzar defendants' motion for judgment on the pleadings.

### II. BACKGROUND

The full factual background of this case is set forth in this Court's prior opinion. In sum, the trustee alleges that CryptoMetrics was forced into bankruptcy as the result of the misdeeds of its senior executives—defendants Robert Barra, Joel Shaw, and Michael Vitale—such as waste,

---

[1] Mr. Quinn has been substituted as trustee, replacing Douglas J. Brickley. Defendants do not object to this substitution.

1

mismanagement, self-dealing, and various illegal activities including a bribery scheme to secure contracts. The trustee alleges that the scheme was structured and implemented under the guidance, counsel and advice of defendant Michael Stolzar, CryptoMetrics' attorney and a partner in the law firm of defendant Karlen & Stolzar, who also allegedly drafted highly relevant documents as part of the scheme. In addition, the trustee alleges that when Barra and Vitale fraudulently concealed the state of CryptoMetrics' finances in order to obtain third party funding, Stolzar corroborated Barra's and Vitale's fraudulent statements—which he knew to be false—and made further fraudulent statements to investors and lenders.

Considering the Stolzar defendants' motion to dismiss, this Court found that the trustee did not have standing to bring claims for civil conspiracy or legal malpractice, but that the *Wagoner* rule did not preclude standing to assert claims that the Stolzar defendants aided in defrauding a third party. *Brickley for CryptoMetrics, Inc. Creditors' Trust v. ScanTech Identification Beams Sys., LLC*, No. 5:13-CV-834-RCL, 2017 WL 838218, at *10–12 (W.D. Tex. Mar. 2, 2017). In addition, this Court addressed the Stolzar defendants' arguments that the doctrine of *in pari delicto* barred the trustee's state law breach of fiduciary duty and RICO claims. *Id.* at *12. The *in pari delicto* doctrine states that "a plaintiff who has participated in wrongdoing may not recover damages resulting from the wrongdoing," so the Stolzar defendants argued that the trustee, bringing claims on behalf of CryptoMetrics, "[could not] seek recovery from Stolzar or Karlen & Stolzar, CryptoMetrics' attorneys, who allegedly assisted Barra, Vitale, and Shaw, *i.e.*, CryptoMetrics' management, in unlawful conduct." *Id.* Under New York law, one of the exceptions to *in pari delicto* is the "adverse interest" exception, under which "an agent's acts are not imputed to the corporation only when the agent has 'totally abandoned his principal's interests and [acts] entirely for his own or another's purposes.'" *Id.* at *13. Therefore, if Barra, Vitale, and

2

Shaw had totally abandoned CryptoMetrics' interests, the *in pari delicto* defense would not be available to the Stolzar defendants. The Court found, however, that "the adverse interest exception does not apply because the Complaint contains no hint that Barra and Vitale totally abandoned CryptoMetrics' interests and were acting entirely for their own purposes when concealing CryptoMetrics' financial issues and fraudulently obtaining funding," and that "the Complaint makes clear that they were acting to enable CryptoMetrics to survive through 'new sources of shareholder capital or debt financing.'" *Id.* at *14. The Court dismissed parts of the breach of fiduciary claim and the RICO claim brought against the Stolzar defendants. *Id.* at *14, *16.

The trustee now moves for leave to amend the complaint to include facts demonstrating the applicability of the adverse interest exception to the *in pari delicto* defense claimed by the Stolzar defendants. The Stolzar defendants oppose this motion on the grounds that the trustee has unduly delayed, is seeking amendment in bad faith, has previously amended his complaint and failed to avoid dismissal, and that amendment is futile. The Stolzar defendants have also moved to judgment on the pleadings, asserting the *in pari delicto* defense against the remaining claim against them.

## III. TRUSTEE'S MOTION FOR LEAVE TO AMEND

### A. Legal Standards

Rule 15 allows a party to amend its pleading once as a matter of course and then "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). It states that courts "should freely give leave when justice so requires." *Id.* § 15(a)(2). Whether to grant leave to amend is within the discretion of the District Court, and the mandate that leave to amend should freely be given "is to be heeded," *Foman v. Davis*, 371 U.S. 178, 182 (1962), but leave to amend "is by no means automatic." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th

3

Cir. 1981). Courts consider the following factors in deciding whether leave to amend is appropriate: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

**B.     Analysis**

The Stolzar defendants raise the following grounds for denying leave to amend: undue delay, bad faith, prior failed amendments, and futility of amendment. The crux of defendants' argument is that the trustee knew of all the facts he now seeks to allege and is seeking to omit facts from the Second Amended Complaint that formed the basis of this Court's conclusion that the adverse interest exception to the *in pari delicto* defense did not apply in this case. This Court found that the adverse interest exception did not apply because "the Complaint makes clear that [Barra and Vitale] were acting to enable CryptoMetrics to survive through 'new sources of shareholder capital or debt financing.' Because, as alleged by the Complaint, Barra and Vitale acted to 'raise funds for corporate purposes,' the adverse interest exception does not apply. In addition, with respect to usurpation, the Complaint claims that the formation of BioDentity UAE was for the purpose of facilitating efforts to market CryptoMetrics' products in the Middle East. Again, this indicates that it was done to benefit CryptoMetrics, and therefore the adverse interest exception does not apply." *Brickley*, 2017 WL 838218, at *14 (internal citations omitted).

The trustee's Second Amended Complaint now omits some of the statements that the Court relied on in coming to this conclusion. For example, the Court cited to paragraph 259 of the First Amended Complaint, which described attempts to get a loan to "bridge the gap between the many current and outstanding liabilities faced by CryptoMetrics and the purported payments that would be received." *Id.* This statement was deleted from the Second Amended Complaint. In addition,

4

the Second Amended Complaint now includes allegations that the efforts to obtain funds benefited only Barra, Vitale, Stolzar, and third parties, and that CryptoMetrics received no benefit.

The trustee argues that he is seeking amendment to correct insufficiently stated claims and amplify and expand upon his prior pleading. The Court finds, however, that the trustee is not seeking to merely correct an insufficiently stated claim—*i.e.*, that the adverse interest exception applies—but is instead trying to alter the facts previously pled in order to avoid dismissal. In such circumstances, leave to amend is not warranted. There is no indication that the trustee was unaware of the facts that he now seeks to plead—that the defendants totally abandoned the interests of CryptoMetrics and that CryptoMetrics received no benefit from the scheme. The motion for leave to amend was made to avoid this Court's conclusion that the claims against the Stolzar defendants should be dismissed. The fact that the trustee knew of such facts before filing his First Amended Complaint—and before he was faced with motions to dismiss and this Court's attendant opinion dismissing certain counts—indicates bad faith. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139–40 (5th Cir. 1993) (affirming the district court's conclusion that the plaintiff's motion was filed in bad faith and with dilatory motive because "[t]he motion [was] obviously interposed by plaintiffs in an attempt to avoid summary judgment," and "[t]he record reflect[ed] that plaintiffs . . . had ample opportunity to investigate their claims and to seek leave to amend their complaint"); *see also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981) (finding that bad faith may bar amendment where the movant withholds asserting facts in order to gain a tactical advantage"); *Nautilus Ins. Co. v. Tanner*, No. 7:12-CV-00203-O, 2013 WL 12121956, at *2 (N.D. Tex. July 30, 2013) ("A party's failure to assert a claim 'as soon as he could have' should factor into a court's decision whether to grant leave to amend.").

5

Furthermore, the trustee is not seeking to simply allege new facts, but wants to omit previously pled facts relied on by this Court in order to assert a theory of liability inconsistent with the original theory asserted. *Cf. Travis v. City of Grand Prairie*, No. 3:14-CV-3650-P, 2015 WL 13002069, at *7 (N.D. Tex. Aug. 6, 2015), *aff'd sub nom. Travis v. City of Grand Prairie, Texas*, 654 F. App'x 161 (5th Cir. 2016) (finding that the proposed amendment was a bad faith attempt to avoid dismissal because "[i]nstead of alleging new facts to support his claims, portions of Plaintiff's proposed amended complaint merely omit information in order to raise a fact issue"). The changes made are substantive, not simply corrections as argued by the trustee; they alter the theory on which the Stolzar defendants' liability rests. This supports a finding of bad faith. *Cf. Jackson v. N.A.A.C.P.*, 575 F. App'x 256, 259 (5th Cir. 2014) (finding that the district court did not abuse its discretion in denying a motion to amend where the plaintiffs "had already been given two opportunities to amend their complaint, and in one of those instances acted in bad faith by misrepresenting substantive changes as 'corrections'").

## IV. DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

In its prior opinion, the Court addressed the *in pari delicto* defense to the trustee's breach of fiduciary duty claims against the Stolzar defendants. It found that "the *in pari delicto* defense appears on the face of the Complaint, *i.e.*, that one wrongdoer, CryptoMetrics via the trustee, is seeking to recover from another, the Stolzar defendants, when CryptoMetrics' own intentional wrongdoing (through its officers) contributed to its injuries." *Brickley*, 2017 WL 838218, at *14. It also concluded that "[t]he face of the Complaint also shows that neither exception to the *in pari delicto* defense applies. First, the adverse interest exception does not apply because the Complaint contains no hint that Barra and Vitale totally abandoned CryptoMetrics' interests and were acting entirely for their own purposes when concealing CryptoMetrics' financial issues and fraudulently

6

obtaining funding. . . . In addition, the face of the Complaint shows that the corporate insider exception to the *in pari delicto* defense does not apply." *Id.*

The trustees' complaint contained four breach of fiduciary duty claims, the fourth of which was that Stolzar breached his fiduciary duties by issuing the two Stolzar Opinion Letters that contained representations he knew or should have known were false when made and that he knew was a condition precedent to the finalization of the MBRO Loan. The Court found that "[i]n their motion to dismiss, the Stolzar defendants only specifically address the first three breach of fiduciary duty claims in the context of the *in pari delicto* defense. The Court will not, therefore, determine whether the *in pari delicto* defense applies to the fourth claim in Count XIV, and will not dismiss that claim." *Id.* at *13 n.4. The Court dismissed the first three breach of fiduciary claims, but found that "[b]ecause the defendants did not specifically raise an *in pari delicto* defense to the fourth claim in Count XIV, it remains." *Id.* at *14. After this Court issued its opinion, and before the trustee moved for leave to amend, the Stolzar defendants filed their answer and moved for judgment on the pleadings. In their answer, they raise the *in pari delicto* defense to the last remaining breach of fiduciary duty claim against them.

The Court will grant the Stolzar defendants' motion for judgment on the pleadings and will dismiss the final claim against them. The only reason the Court did not previously address the applicability of the *in pari delicto* defense to the fourth breach of fiduciary duty claim was because the Stolzar defendants had not specifically raised it in their motion to dismiss. Now that the defense has been raised, the Court finds that its reasoning for finding that the *in pari delicto* defense applies to the other breach of fiduciary duty claims applies equally to the fourth claim regarding the Stolzar Opinion Letters. The fourth claim will be dismissed.

## V. CONCLUSION

For the foregoing reasons, the Court will deny the trustee's motion for leave to amend, and will grant the Stolzar defendants' motion for judgment on the pleadings. A separate Order accompanies this Memorandum Opinion.

It is **SO ORDERED**.

Date: May 15, 2017

Royce C. Lamberth
United States District Judge